IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY D. BROWN                                             PETITIONER

VS.                                           CIVIL ACTION NO. 3:23-cv-69-DPJ-FKB

TYREE JONES, Sheriff of
Hinds County, Mississippi                                  RESPONDENT

## **REPORT AND RECOMMENDATION**

       Jimmy D. Brown, a pretrial detainee in the Hinds County Detention Center, is being held on state charges of house burglary, aggravated assault, and armed robbery. He brought this habeas action in January 2023 under 28 U.S.C. § 2241 alleging that he had been held without indictment for nine months and had received ineffective assistance of counsel. Brown has since been indicted, and his case is currently set for trial in November 2023. He seeks dismissal of the charges against him and immediate release. He has stated in a more recent filing that he seeks monetary compensation, and he has also filed motions seeking mandamus relief against further indictments and for judgment in his favor. [10], [24]. Respondent has filed a motion to dismiss the Petition for failure to state a claim. [11].

       A pretrial habeas petition under § 2241 may not be used to interfere with or derail a state criminal proceeding. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973). Thus, whereas a state court prisoner may raise a speedy trial claim under § 2241 in order to force the state to bring him to trial, relief is not available where, as here, the petitioner seeks only dismissal of the charges and release. *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of*

*Kentucky*, 410 U.S. 484 (1973)).  For this reason, Brown's request for dismissal of the charges and release fails to state a claim, as does his allegation that he has or is receiving ineffective assistance of counsel in his criminal proceeding.  Finally, any request for monetary damages must be pursued under 42 U.S.C. § 1983, as damages are not available in a federal habeas corpus proceeding.  *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

Because Brown has failed to state a cognizable habeas claim, the undersigned recommends that Respondent's motion [11] be granted, that Brown's motions for mandamus and judgment  [10], [24] be denied, and that the petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[1] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of October, 2023.

s/ F. Keith Ball<br>United States Magistrate Judge

---

[1] Where a document is served by mail, service occurs on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).