UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY D. BROWN                                                                                              PETITIONER

V.                                                                         CIVIL ACTION NO. 3:23-CV-69-DPJ-FKB

TYREE JONES, SHERIFF OF HINDS COUNTY, MISSISSIPPI                         RESPONDENT

ORDER

Jimmy D. Brown claims Sheriff Tyree Jones has held him as a pretrial detainee in the Hinds County Detention Center for nine months without indictment. He asks the Court to "dismiss charges and release" him. Pet. [1] at 8; *see also* Mandamus [10] at 2 (asking the Court to issue "an Order to immediately release the Petitioner").

After Brown filed his habeas petition under 28 U.S.C. § 2241, a Hinds County grand jury indicted him on charges of house burglary, aggravated assault, and armed robbery. Mot. [11] at 4; Indictment [11-7] (filed May 5, 2023). His case is set for trial this month. R&R [27] at 1.

United States Magistrate Judge F. Keith Ball, in his Report and Recommendation [27], recommends granting Respondent's motion to dismiss [11]. Judge Ball points out that "[a] pretrial habeas petition under § 2241 may not be used to interfere with or derail a state criminal proceeding." R&R [27] at 1 (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490 (1973)). So, Brown's requests for dismissal and release fail to state a claim.

Judge Ball also notes that Brown's recent filings suggest he is seeking monetary damages. R&R [27] at 1. Claims for monetary damages must be pursued under 42 U.S.C. § 1983; damages are not available in a federal habeas corpus proceeding. *Id.* at 2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973)).

Judge Ball issued his R&R on October 19, 2023, and Brown had fourteen days to object. Fed. R. Civ. P. 72(b)(2); *see* R&R [27] at 2 (advising of deadline).  He did not.  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's note (1983), *quoted in Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) *as noted in Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Finding no clear error, the Court accepts the well-reasoned recommendation [27] of Judge Ball.  Respondent's motion to dismiss [11] is granted; Brown's motions for mandamus and judgment [10, 24] are denied.  The petition is dismissed.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of November, 2023.

                     s/ *Daniel P. Jordan III*
                     CHIEF UNITED STATES DISTRICT JUDGE